O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0662 DOC (MLGx)                    Date: August 24, 2012

Title: <u>TROY A. YOUNG V. U.S. BANK NATIONAL ASSOCIATION, ET AL.</u>

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                              N/A
Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                  None Present

**PROCEEDINGS: (IN CHAMBERS):** ORDER **GRANTING** DEFENDANTS'
MOTION TO DISMISS CASE, AND
**DENYING** DEFENDANTS' MOTION TO
STRIKE PORTIONS OF PLAINTIFF'S FIRST
AMENDED COMPLAINT AS MOOT

Before the Court is a Motion to Dismiss (Docket 18) and a Motion to Strike
Portions of Plaintiff's First Amended Complaint (Docket 19), filed by Defendants U.S.
Bank National Association ("U.S. Bank"), and Mortgage Electronic Registration Systems
("MERS") (together referred to as "Defendants"). The Court finds the matter appropriate
for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering
the moving, opposing, and replying papers, the Court hereby: GRANTS Defendants'
Motion to Dismiss, and thus dismisses Plaintiff's First Amended Complaint WITHOUT
PREJUDICE, and DENIES Defendants' Motion to Strike Portions of Plaintiff's First
Amended Complaint as moot.

I.      **Background**

Plaintiff Troy Young ("Plaintiff") alleges a range of improprieties by parties
involved in the foreclosure of his home. His main contention is that defendants,[1]
including U.S. Bank and MERS, lacked the authority to execute the documents that they

---

[1] Other defendants sued are NDEx West, LLC, Stephen C. Porter, Patrick de Jesus, Ric Juarez, and Does 1-100.
Only MERS and U.S. Bank filed the two motions before the Court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0662 DOC (MLGx)                    Date: August 24, 2012
                                                    Page 2

used to carry out the foreclosure sale of his home.  First Am. Compl. ¶¶35-41.  Thus, the
foreclosure is "void and unenforceable."  *Id.* ¶41.

### a. Plaintiff's Loan

Plaintiff alleges that on November 23, 2005, he entered into a loan agreement with
Lending 1st Mortgage for $1 million. *Id.* ¶10.  The Deed of Trust listed Lending 1st
Mortgage as the lender, and MERS as the beneficiary. *Id.* ¶16.  Plaintiff alleges that
MERS lacked any ownership interest in the loan and could act only as agent for Lending
1st Mortgage. *Id.* ¶18.  The basis for this contention is that the Deed of Trust said that
"MERS is a separate corporation that is acting solely as a nominee for Lender and
Lender's successors and assigns." *Id.*
On August 10, 2009, a Notice of Default was recorded. *Id.* Ex. B.  It listed
$28,272.82 as the amount Plaintiff owed. *Id.*  Plaintiff alleges that the company that
caused the Notice of Default to be recorded, NDEx West, was in fact a stranger to the
Deed of Trust, and not an agent for the beneficiary of the Deed of Trust. *Id.* ¶20.  This is
so because Lending 1st Mortgage had gone out of business more than a year earlier,
Plaintiff alleges. *Id.*
On September 4, 2009, an Assignment of Deed of Trust was recorded. *Id.* Ex. C.
By the text of that document, MERS assigned the Deed of Trust to U.S. Bank. *Id.*
Plaintiff alleges this document was invalid for various reasons, including that MERS
could not act on Lending 1st Mortgage's behalf because that lender had "ceased to exist
as a corporate entity over one year earlier." *Id.* ¶26.

### b. The Foreclosure

Plaintiff contends that the Assignment of Deed of Trust to U.S. Bank was invalid,
U.S. Bank had no ownership interest in the loan. *Id.* ¶35.  Thus, a later Substitution of
Trustee, by which U.S. Bank substituted NDEx West as Trustee, *id.* Ex. D, was invalid.
*Id.* ¶32.  Other subsequent documents filed by NDEx West are also invalid, Plaintiff
alleges, including the Notice of Trustee's Sale, *id.* Ex. E., and the Trustee's Deed Upon
Sale to U.S. Bank, *id.* Ex. F. *Id.* ¶41.  And Plaintiff alleges that U.S. Bank's credit bid, by
which it took ownership of the house, is invalid under California Civil Code §
2924h(b)(2), again because U.S. Bank was not a valid beneficiary of the Deed of Trust.
*Id.* ¶34.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0662 DOC (MLGx)                    Date: August 24, 2012
                                                    Page 3

### c. Present Action

Plaintiff's First Amended Complaint has the following ten causes of action against Defendants: (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Unfair Business Practices; (4) Wrongful Foreclosure; (5) Vacate and Set Aside Foreclosure Sale; (6) Cancellation of Trustee's Deed Upon Sale; (7) Quiet Title; (8) Intentional Infliction of Emotional Distress; (9) Declaratory Relief as to Status as a Creditor; (10) Declaratory Relief.


## II.    Legal Standard

### a. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0662 DOC (MLGx)                 Date: August 24, 2012
                                                 Page 4

1282 (9th Cir. 1986).  Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

III.    **Discussion**[2]

 a.  **Motion to Dismiss for Failure to State a Claim**

Of Defendants' arguments in support of their Motion to Dismiss, the dispositive concern here is that Plaintiff is trying to bring a case that he cannot bring because of his bankruptcy filing.  Def. Mot. To Dismiss Pl. First Am. Compl. (hereafter "Mot.") 5-6.

 **i. Real Party in Interest and the Bankruptcy Estate**

"An action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  The bankruptcy trustee is the real party in interest of suits that are property of the bankruptcy estate.  *See* 11 U.S.C. § 541(a); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708 (9th Cir. 1986).

A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  It is well settled that causes of action based on the debtor's real property interests that accrue prior to the conclusion of the bankruptcy are "interests" that are property of the bankruptcy estate. *See Cobb v. Aurora Loan Servs., LLC*, 408 B.R. 351, 354 (E.D. Cal. 2009) ("TILA claims are assets included within the meaning of property of the estate."); *Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1206 (S.D. Cal. 2009) (holding that Plaintiff's claims

---

[2] Defendants filed requests for judicial notice. To the extent the Court relies on those documents, these requests are GRANTED. Otherwise, they are DENIED.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0662 DOC (MLGx)                    Date: August 24, 2012
                                                   Page 5

are "the property of her bankruptcy estate."); *Chanthavong v. Aurora Loan Servs.*, 448 B.R. 789, 798-803 (E.D. Cal. 2011) (explaining that claims such as breach of contract, negligent misrepresentation and fraud that arise from a foreclosure sale belong to the bankruptcy estate if they occurred prior to the closing of Plaintiff's bankruptcy filing and were not included in Plaintiff's bankruptcy schedules).

Defendant raises the issue of Plaintiff's capacity to sue in terms of standing only, rather than Rule 17(a), but the argument proceeds the same way: Plaintiff's bankruptcy filing, Case No. 8:12-bk-10256-TA, deprived him of the ability to bring this lawsuit.

The District Court in *Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447 (D. Hawaii 1996), noted two exceptions to the general rule that a debtor's legal claims belong to the bankruptcy estate after the trustee is appointed: the debtor could show the claims were exempt from the bankruptcy estate, or the debtor could show that the bankruptcy trustee abandoned the claims. *Id.* at 1453.

### ii. Plaintiff's Argument

Plaintiff gives no indication that his legal claim accrued after he filed his bankruptcy petition on January 6, 2012. The foreclosure sale, the last of the major acts that Plaintiff alleges were fraudulent, happened on June 15, 2011. First Am. Compl. Ex. F.

In fact, Defendant argues that Plaintiff's Opposition is "entirely silent" about the argument that he cannot sue over the foreclosure sale. Reply 3. This is nearly true. Plaintiff manages a one-line mumble, immediately after a discussion of the notice pleading standard: "Much the same, the Plaintiff's Chapter 7 Bankruptcy case has been dismissed and is no longer pending." Pl. Opp. Mot. Dismiss 6.

If this is an argument that legal claims always revert to the debtor after a bankruptcy case ends, it is incorrect. As an example, if a debtor fails to properly schedule an asset, "including a cause of action," that asset remains the property of the estate even after the bankruptcy has closed. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); 11 U.S.C. 554(d). In short, Plaintiff makes no argument that will suffice to show he fits an exception described in *Rowland*.

## IV. Conclusion

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0662 DOC (MLGx)                    Date: August 24, 2012
                                                    Page 6

      The Court finds that Plaintiff's Complaint fails to demonstrate that he can bring this case.  Plaintiff may amend his Complaint to adequately allege that his lawsuit is exempt or abandoned by the bankruptcy trustee.  Accordingly, this Court DISMISSES Plaintiff's ten causes of action WITHOUT PREJUDICE.

      Defendants also moved to strike Plaintiff's request for punitive damages, his allegations about emotional distress, and his allegations about attorneys' fees.  Def. Mot. to Strike Portions of Pl.'s First Am. Compl. 2-3.  This request is DENIED AS MOOT because Plaintiffs' entire Complaint has been DISMISSED.

**V. Disposition**

       For the foregoing reasons, the Motion to Dismiss is hereby GRANTED and the Motion to Strike Portions of Plaintiff's First Amended Complaint is DENIED AS MOOT.

      Any amended complaint shall be filed by September 24, 2012.  The Court notes that if Plaintiff cannot cure the defects in the First Amended Complaint, the Court is not inclined to provide another opportunity to amend.

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk: jcb